## Schwartz, Mansbach & Co., Appellants, *v.* John S. Gabler.

*Execution—Delay in levy.*

Where the forbearance in executing a levy was due to a disposition on the part of the plaintiff to treat the family of the defendant with due consideration, by not subjecting them to unnecessary inconvenience or annoyance, and that there was an entire absence of fraudulent or illegal intent, a delay over night in executing the writ is not sufficient to invalidate the lien of a levy and postpone it to a writ placed next day in sheriff's hands.

Argued April 18, 1898. Appeal, No. 80, April T., 1898, by plaintiffs, from order of C. P. Fayette Co., June T., 1898, No. 58, E. D. overruling exceptions to auditor's report. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Exceptions to auditor's report. Before MESTREZAT, P. J.

It appears from the record that an auditor was appointed to make distribution of the proceeds of a sale of personal property made by the sheriff, who made the following return:

"That the within writ, No. 57, June term, 1896, was delivered to me on the 15th day of April, A. D. 1896, at thirty-five minutes past 10 o'clock P. M., and that on the morning of the following day, to wit, April 16, 1896, before I had made a levy, and before any other writ of execution against John S. Gabler had come into my hands, R. P. Kennedy, Esq., attorney for H. B. Cock, plaintiff, directed me not to execute the writ

until further orders from him, which directions I complied with. On the 16th day of April, 1896, at forty minutes past 9 o'clock A. M., a writ of execution of Schwartz, Mansbach & Company against John S. Gabler, was delivered to me and E. D. Fulton, Esq., attorney for said Schwartz, Mansbach & Company, ordered me to proceed at once and make the money as directed in said writ of Schwartz, Mansbach & Company. Before going to make a levy on the property of said defendant, under the writ of Schwartz, Mansbach & Company, R. P. Kennedy, Esq., in the forenoon of the 16th day of April, 1896, came into my office and learning that I had in my possession a writ of execution of Schwartz, Mansbach & Company against John S. Gabler, he then ordered me to proceed with the execution of H. B. Cock against said John S. Gabler. In pursuance of the said writ of execution of Schwartz, Mansbach & Company and the directions of R. P. Kennedy, Esq., attorney for H. B. Cock, the other execution creditor, I did, on the evening of the 16th day of April, A. D. 1896, at about 6 o'clock P. M. make a levy, at the same time, under both writs, to wit: the one at No. 58, June term, 1896, of Schwartz, Mansbach & Company, and the one of H. B. Cock at No. 57, June term, 1896, and hereto attached, on all the right, title and interest of the defendant John S. Gabler, of and in the partnership property of Hoge & Gabler in the Monongahela Hotel of Brownsville, Pa., and also all the household goods and furniture of the said John S. Gabler at his residence in Brownsville, Pa. And after two adjournments of the sale, I did, on May 18, 1896, sell said property to H. B. Cock, for the sum of $2,500, he being the highest bidder, and of said sum, I applied $71.55 to the costs and $1,500 to the writ hereto attached, and there remains yet in my hands for distribution the sum of $928.45."

Evidence was given before the auditor tending to show an agreement entered into between Schwartz, Mansbach & Co. and H. B. Cock, the two execution creditors, whereby in consideration of Cock advancing money to set up the defendant in business, who was a common debtor to both of them, that Schwartz, Mansback & Co. would make no move to collect their debt until Cock had first been paid in full the amount of money advanced in so starting Gabler in the hotel business.

The auditor awarded the fund of $928 on account of the writ

of H. B. Cock, less $150 due landlord for rent. Plaintiff appealed.

*Error assigned* among others was in not finding that the appellants were entitled to the amount of their execution out of the fund now in the hands of the sheriff for distribution.

*E. D. Fulton*, of *Fulton & Higbee*, for appellants.—The auditor has no power to go behind the record and is precluded by the judgment, except it be alleged to be collusive, or in cases of satisfaction and payment: Edwards's Appeal, 66 Pa. 89; Borland's Appeal, 66 Pa. 470.

An auditor appointed to distribute a fund in court cannot inquire into the validity of a judgment. He must take it as conclusive: Dougherty's Estate, 9 W. &. S. 189; Leeds v. Bender, 6 W. & S. 315; Logue's Appeal, 22 Pa. 50; Malone's Appeal, 79 Pa. 481; Rice v. R. R. Co., 9 Phila. 294.

*Edward Campbell*, with him *R. P. Kennedy*, for appellee.— This contract was a clear and complete agreement, not to issue an execution upon their judgment against Gabler which should claim precedence of full repayment to Cock if Cock would advance money enough to Gabler to start in business.

If, therefore, the appellee's attorney did give orders to the sheriff to hold his writ, he countermanded his order before anything was or could have been done under any other writ, and within a few hours after the Cock writ was delivered to the sheriff. There is no possible place or point, in the entire transaction, for the application of the rule which postpones a prior, to a later, execution. That rule is founded on the fraudulent act of fencing round a debtor with a friendly execution never intended for anything but a fence. There is not a suspicion of such a purpose in the present case.

Except for fraud upon them, creditors cannot set aside a prior judgment or execution: Dougherty's Estate, 9 W. & S. 189; Thompson's Appeal, 57 Pa. 175; Wilkinson's Appeal, 65 Pa. 189; Broadhead v. Cornman, 171 Pa. 322; Landis v. Evans, 113 Pa. 332.

OPINION BY ORLADY, J., July 29, 1898:

A judgment was entered against the defendant in favor of

H. B. Cock, on which an execution was issued and delivered to the sheriff by the attorney of the plaintiff with the instruction, as found by the auditor, "You needn't go down today for that writ, as I am going down and will tell you when I come back in the morning what to do in the matter."

On the following day Schwartz, Mansbach & Co. issued an execution against the defendant, and instructed the sheriff to proceed at once to levy upon and to sell the defendant's property. It appears from the report of the auditor that the defendant's home was some miles distant from the sheriff's office; that when the first execution was issued, his wife was ill and by testimony which is convincing the auditor finds as a fact that the only object of Cock's attorney was the humane one to advise the defendant of the issuance of the execution so as to prepare the family for the visit of the sheriff and thus avoid a shock to the invalid wife; that the conduct of the plaintiff and his attorney was in good faith and was not for the mere purpose of securing a lien.

An examination of the evidence shows clearly that there was nothing more than a disposition on the part of the plaintiff to treat the family of the defendant with due consideration, by not subjecting them to unnecessary inconvenience or annoyance, and that there was an entire absence of fraudulent or illegal intent, as in Landis v. Evans, 113 Pa. 332; Broadhead v. Cornman, 171 Pa. 322.

The return of the sheriff to the writs embraced much that was improper and the only effect of inserting them has been to cause needless delay and expense. The facts stated therein were properly admissible in evidence before the auditor, but they gain no additional weight by reason of being incorporated in the sheriff's return. The agreement between the rival creditors as found by the auditor was one which was properly enforced in making the distribution of the proceeds of the sheriff's sale, and the conclusions of fact are amply supported by the evidence.

The judgment is affirmed.